# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-669V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
BAHMAN SHARIFIPOUR and ANDREW    *       Special Master Corcoran
SHARIFIPOUR, legal guardians of  *
BEVERLY SHARIFIPOUR,             *
                                 *
              Petitioners,       *       Filed: December 1, 2016
                                 *
        v.                       *
                                 *       Decision by Stipulation; Damages;
SECRETARY OF HEALTH              *       Influenza ("Flu") Vaccine; Tetanus
AND HUMAN SERVICES,              *       Diphtheria Acellular Pertussis ("Tdap");
                                 *       Acute Disseminated Encephalomyelitis
              Respondent.        *        ("ADEM").
                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer*, Conway, Homer & Chin-Caplan, Boston, MA, for Petitioners.

*Althea Walker Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On June 29, 2015, Bahman and Andrew Sharifipour, as the legal guardians of Beverly Sharifipour, filed a petition on her behalf seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners allege that Ms. Sharifipour suffered from Acute Disseminated Encephalomyelitis ("ADEM") as a result of her October 31, 2012, receipt of the influenza ("flu") and tetanus diphtheria acellular pertussis ("Tdap") vaccines.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Moreover, Petitioners allege that Ms. Sharifipour experienced residual effects of this injury for more than six months.

Respondent denies that Ms. Sharifipour's flu or Tdap vaccinations caused her alleged ADEM, or any other injury or condition. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on December 1, 2016) that the issues before them could be settled, and that a decision should be entered awarding Petitioners compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $413,422.63 in the form of a check payable to Petitioners as legal guardians of the Estate of Beverly Sharifipour for the benefit of Beverly Sharifipour, representing compensation for first year life care expenses ($133,422.63), pain and suffering, and past unreimbursable expenses ($280,000.00); and

- An amount sufficient to purchase the annuity contract described in Stipulation ¶ 10, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

BAHMAN SHARIFIPOUR and ANDREW )
SHARIFIPOUR, legal guardians of )
BEVERLY SHARIFIPOUR, )
)
        Petitioners, )    No. 15-669V
)    Special Master Brian Corcoran
v. )
)
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
)
        Respondent. )
_____ )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Bahman Sharifipour and Andrew Sharifipour ("petitioners") filed a petition for

vaccine compensation on behalf of Beverly Sharifipour under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Petitioners seek

compensation for Beverly Sharifipour's injuries allegedly related to the influenza ("flu") and

tetanus-diphtheria-acellular pertussis ("Tdap") vaccines, which vaccines are contained in the

Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Beverly Sharifipour received flu and Tdap vaccines on October 31, 2012.

3. The vaccines were administered within the United States.

4. Petitioners allege that Beverly Sharifipour suffered Acute Disseminated

Encephalomyelitis (ADEM) as a result of her flu and Tdap vaccinations. Petitioners further

allege that she experienced the residual effects of this condition for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action

for damages as a result of Beverly Sharifipour's condition.

1

6. Respondent denies that the flu or Tdap vaccines caused Beverly Sharifipour's ADEM or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> (a) A lump sum payment of $413,422.63 in the form of a check payable to petitioners as legal guardians of the Estate of Beverly Sharifipour for the benefit of Beverly Sharifipour. This amount represents compensation for first year life care expenses ($133,422.63), pain and suffering, and past unreimbursable expenses ($280,000.00); and
>
> (b) An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

- a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
- b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
- c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
- d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of Beverly Sharifipour, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioners as follows:

a. For future unreimbursable Anthem Blue Cross Blue Shield Maximum-out-of-Pocket, Medicare Part B Deductible, Physical Therapy/Occupational Therapy Evaluation, Speech Therapy, Wheelchair Cushion Seat, Shower Chair, Gait Belt, and Sip Tip Cup expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,216.95 to be paid up to the anniversary of the date of judgment in year 2019. Then, on the anniversary of the date of judgment in year 2019, a lump sum of $5,628.95. Then, on the anniversary of the date of judgment in year 2020, a lump sum of $483.10. Then, on the anniversary of the date of judgment in year 2021, a lump sum of $924.89. Then, beginning on the anniversary of the date of judgment in year 2022, an annual amount of the $637.64 to be paid for the remainder of Beverly Sharifipour's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

b. For future unreimbursable Medicare Part B Premium, Medicare Part D Premium, and Anthem Blue Cross Blue Shield Medigap Plan N expenses, beginning on the anniversary of the date of judgment in 2020, an annual amount of $5,137.58 to be paid up to the anniversary of the date of judgment in year 2021. Then, beginning on the anniversary of the date of judgment in year 2021, an annual amount of $5,251.82 to be paid up to the anniversary of the date of judgment in year 2022. Then, beginning on the anniversary of the date of judgment in year 2022, an annual amount of $5,290.82 to be paid up to the anniversary of the date of judgment in year 2023. Then, beginning on the anniversary of the date of judgment in year 2023, an annual amount of $5,332.10 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $5,374.94 to be paid up to the anniversary of the date of judgment in year 2025. Then, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $5,423.30 to be paid up to the anniversary of the date of judgment in year 2026. Then, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $5,466.38 to be paid up to the anniversary of the date of judgment in year 2027. Then, beginning on the anniversary of the date of judgment in year 2027, an annual amount of $5,511.26 to be paid up to the anniversary of the date of judgment in year 2028. Then, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $5,548.94 to be paid up to the anniversary of the date of judgment in year 2029. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $5,586.62 to be paid up to the anniversary of the date of judgment in year 2030. Then, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $5,624.18 to be paid up to the anniversary of the date of judgment in year 2031. Then, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $5,662.46 to be paid up to the anniversary of the date of judgment in year 2032. Then, beginning on the anniversary of the date of judgment in year 2032, an annual amount of $5,699.66 to be paid up to the

3

anniversary of the date of judgment in year 2033.  Then, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $5,730.02 to be paid up to the anniversary of the date of judgment in year 2034.  Then, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $5,760.50 to be paid up to the anniversary of the date of judgment in year 2035.  Then, beginning on the anniversary of the date of judgment in year 2035, an annual amount of $5,949.26 to be paid up to the anniversary of the date of judgment in year 2036.  Thereafter, beginning on the anniversary of the date of judgment in year 2036, an annual amount of $7,836.86 to be paid for the remainder of Beverly Sharifipour's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

c.  For future unreimbursable Miralax expenses, beginning on the first anniversary of the date of judgment, an annual amount of $55.68 to be paid for the remainder of Beverly Sharifipour's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment;

d.  For future unreimbursable Easy Stand Stander expenses, on the anniversary of the date of judgment in year 2027, a lump sum of $2,775.00.  Thereafter, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $396.43 to be paid for the remainder of Beverly Sharifipour's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

e.  For future Cleansing Supplies for Perineal Care, Depends, CHUX, Glove, and Wipe expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,878.00 to be paid for the remainder of Beverly Sharifipour's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment;

f.  For future unreimbursable Attendant Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $124,272.00 to be paid for the remainder of Beverly Sharifipour's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment;

g.  For future unreimbursable Van Modification expenses, on the anniversary of the date of judgment in year 2024, a lump sum of $27,000.00.  Then, on the anniversary of the date of judgment in year 2034, a lump sum of $27,000.00.  Thereafter, beginning on the anniversary of the date of judgment in year 2035,  an annual amount of $2,700.00 to be paid for the remainder of Beverly Sharifipour's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioners in monthly, quarterly, annual or other installments.  The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.  Petitioners

4

will continue to receive the annuity payments from the Life Insurance Company only so long as Beverly Sharifipour is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Beverly Sharifipour's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for Beverly Sharifipour's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of Beverly Sharifipour's estate under the laws of the State of New Hampshire. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of Beverly Sharifipour's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of Beverly Sharifipour at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Beverly Sharifipour upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of Beverly Sharifour, on behalf of themselves, Beverly Sharifipour, and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the

6

United States and the Secretary of Health and Human Services from any and all actions

or causes of action (including agreements, judgments, claims, damages, loss of services,

expenses and all demands of whatever kind or nature) that have been brought, could have

been brought, or could be timely brought in the Court of Federal Claims, under the

National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on

account of, or in any way growing out of, any and all known or unknown, suspected or

unsuspected personal injuries to or death of Beverly Sharifipour resulting from, or

alleged to have resulted from, the flu and Tdap vaccinations administered on or about

October 31, 2012, as alleged by petitioners in a petition for vaccine compensation filed

on or about June 29, 2015, in the United States Court of Federal Claims as petition No.

15-669V.

18. If Beverly Sharifipour should die prior to entry of judgment, this agreement shall be

voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to. The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

7

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap and flu vaccines caused Beverly Sharifipour's ADEM or any other injury or her current disability.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representative of Beverly Sharifipour.

## END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

8

Respectfully submitted,

**PETITIONERS:**

BAHMAN SHARIFIPOUR

ANDREW SHARIFIPOUR

**ATTORNEY OF RECORD FOR**
**PETITIONERS:**

Chuohra Campbell

Ronald C Homer by Rule 83.1(c)(3)

RONALD C. HOMER, ESQUIRE
Conway, Homer & Chin-Caplan, P.C.
16 Shawmut Street
Boston, MA 02116
(617) 695-1990

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Acting Deputy Director
Torts-Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF**
**THE SECRETARY OF HEALTH AND**
**HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-0515

Dated: 1 December 2016

9