# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-669V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
BAHMAN SHARIFIPOUR *and* ANDREW          *
SHARIFIPOUR, *legal guardians of*        *
BEVERLY SHARIFIPOUR,                     *        Special Master Corcoran
                                         *
                Petitioners,             *        Filed:  June 6, 2017
                                         *
        v.                               *        Decision; Attorney's Fees and Costs.
                                         *
                                         *
SECRETARY OF HEALTH AND                  *
HUMAN SERVICES,                          *
                                         *
                Respondent.              *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioners.

*Althea Walker Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On June 29, 2015, Bahman and Andrew Sharifipour filed a petition on behalf of Beverly Sharifipour, as her legal guardian, seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the influenza and tetanus diphtheria acellular pertussis vaccines Ms. Sharifipour received on October 31, 2012, caused her to develop Acute Disseminated Encephalomyelitis. ECF No. 1. The parties eventually filed a stipulation for damages

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

on December 1, 2016 (ECF No. 27), which I adopted as my decision on damages that same day. ECF No. 28.

Petitioners have now filed a motion requesting final attorney's fees and costs, dated May 17, 2017. *See* ECF No. 34. Petitioners request reimbursement of attorney's fees and costs in the combined amount of $71,459.41 (representing $51,988.70 in attorney's fees, $13,930.87 in costs, and $5,539.84 in Petitioners' costs). *Id.* Respondent filed a written reaction on May 23, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case but deferring to my discretion the determination of the amount to be awarded. ECF No. 36. Petitioners also stated in their General Order No. 9 that $5,539.84 is the total amount that they personally expended on their case. ECF No. 35.

The hourly rates requested are in keeping with the rates that these attorneys have previously received in Vaccine Program cases, and consistent with the rates I have awarded. *See, e.g., Johnson v. Sec'y of Health & Human Servs.*, No. 14-113V, 2016 WL 5224405 (Fed. Cl. Spec. Mstr. Aug. 19, 2016); *Cabrera v. Sec'y of Health & Human Servs.*, No. 13-598V, 2017 WL 656303, at *3 (Fed. Cl. Spec. Mstr. Jan. 23, 2017); *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). I will therefore award the rates requested. I also approve the requested attorney time as reasonable. I find the additional costs sum expended by Conway, Homer to be reasonable. Finally, I conclude that the personal expenses incurred by Petitioners for medical records and obtaining guardianship are reasonable and award them in full.[3]

Accordingly, an award of **$65,919.57** should be made in the form of a check payable jointly to Petitioners and Petitioners' counsel, Ronald Homer, Esq. An additional award of **$5,539.84** should be made in the form of a check to Petitioners for the personal expenses they incurred pursuing the claim. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[4]

---

[3] The costs expended by Petitioners include $1,062.84 for copying and retrieving medical records, and $4,477.00 from two different lawyers to establish proper guardianship. *See generally* Fees Motion at Tab C. The first attorney at Raudonis Law Office provided services to help Petitioners establish guardianship where they initially resided in Massachusetts. *Id.* at 65-69. After Petitioners moved to New Hampshire during the pendency of this case, they hired a new lawyer at the Law Office of Sheila C. Harrington to complete the transfer of guardianship to New Hampshire. *Id.* at 70-72.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master